HMG:USAO:2006R00214

FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2011 JAN 13 P 4: 45

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. L-10-713 |
| | : | |
| v. | : | (Copyright Infringement, 17 U.S.C. § 506, |
| | : | 18 U.S.C. § 2319(b)(1), (2); Aiding and |
| **NAVEED SHEIKH,** | : | Abetting, 18 U.S.C. § 2; Forfeiture, 18 |
| | : | U.S.C. § 982, 21 U.S.C. § 853, |
| Defendant | : | 28 U.S.C. § 2461) |
| | : | |

ooooOoooo

## INDICTMENT

## COUNT ONE

The Grand Jury for the District of Maryland charges:

### INTRODUCTION

At times relevant herein:

1. Defendant **NAVEED SHEIKH ("SHEIKH")** lived at 3118 Nova Scotia Road, Bel Air, Maryland; 25 Pickburn Court, Cockeysville, Maryland; and 965 Fairmount Ave., Baltimore, Maryland.

2. BurstNET Technologies ("BurstNET") was a company located at 422 Prescott Ave., Scranton, Pennsylvania. BurstNET allowed individuals to locate computer servers within BurstNET's workspace and link those computer servers to the Internet.

3. PO Box 9896 was located inside the U.S. Post Office at 808 Glen Eagles Ct., Suite 1; Towson, Maryland 21284.

4. Laundryland was a coin-operated laundry facility located at 11959 Reisterstown Road, Reisterstown, Maryland.

1

5. GoEmerchant was a company that handled credit card transactions by causing deductions from payors' credit card accounts and then communicating with a company called iPayment so as to cause deposits of money into payees' bank accounts.

6. iPayment was a company that processed credit card transactions.

7. Interland Global was a company that hosted internet domains.

8. Network Solutions was a company that assigned domain names.

9. PayPal was an e-commerce business allowing payments and money transfers to be made through the Internet.

10. An Internet Protocol address (IP address) was a unique numeric address assigned to computers, which were used to access the Internet. An IP Address had a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).

11. An Internet Service Provider ("ISP") allowed its subscribers and users to access the Internet and assigned IP addresses to users.

12. Crack codes allowed individuals to modify software to remove or disable security protections.

## CONDUCT

13. Beginning in or about February 2004, and continuing until in or about April 2008, in the District of Maryland,

**NAVEED SHEIKH,**

the defendant herein, did knowingly and willfully infringe copyrights for purposes of commercial advantage and private financial gain by reproducing and distributing more than 100 copyrighted works, to wit: commercial software programs, with a total value exceeding $265,000.

2

## ADVERTISING AND SALE OF PIRATED COPYRIGHTED SOFTWARE

14. Defendant **SHEIKH**, through his internet website www.ezencode.com, advertised and sold infringing copyrighted commercial software at prices well below the suggested retail prices of legitimate, authorized copies of the software.

15. Defendant **SHEIKH** through the internet website www.ezencode.com, advised purchasers that the programs offered for sale were not legal because they were copies of original software programs or "cracked" versions and could not be registered with the legitimate companies that developed the software programs and held copyrights covering the software.

16. Defendant **SHEIKH** through the internet website www.ezencode.com, advised purchasers that software programs could be mailed to purchasers on compact disc and downloaded from the internet.

17. After individuals placed orders for copyrighted software at www.ezencode.com, Defendant **SHEIKH** caused emails to be sent from contact@ezencode.com to purchasers.

18. Defendant **SHEIKH** caused the creation of DVD-Rs and CD-Rs with copyright infringing software programs and crack codes.

19. Defendant **SHEIKH** caused DVD-Rs and CD-Rs with infringing copyrighted software to be mailed from the Lehigh Valley in Pennsylvania.

20. Defendant **SHEIKH** through the website www.ezencode.com, requested that purchasers send money orders for infringing software to "T. Lamps, P.O. Box 9896, Baltimore, MD 21284-9896."

21. Defendant **SHEIKH** opened and maintained P.O. Box 9896, Towson, Maryland

21284, and stated in his application for the postal box that **SHEIKH** was associated with a company called Turkish Lamps.

22. Defendant **SHEIKH** and his family members retrieved mail, including money orders for infringing software, from PO Box 9896 inside the U.S. Post Office at 808 Glen Eagles Ct., Suite 1; Towson, Maryland 21284.

23. Defendant **SHEIKH** paid money to Interland Global to register multiple internet domains, including ezencode.com, lazer-toners.com, and coark.net.

24. Defendant **SHEIKH** used the following email accounts: naveed561@yahoo.com, mikef@coark.net, and contact@ezencode.com.

25. Defendant **SHEIKH's** computer server, which was physically located at BurstNET in Scranton, PA, hosted the website www.ezencode.com.

26. Defendant **SHEIKH** used computers at 3118 Nova Scotia Road, Bel Air, Maryland, and other computers, to contact and control his computer server located at BurstNET Technologies.

Payments for Sales of Pirated Versions of Copyrighted Software:

27. Defendant **SHEIKH**, through the website www.ezencode.com, permitted customers to pay for infringing software through money orders, credit card charges and electronic fund transfers.

28. Defendant **SHEIKH** maintained a Bank of America Account ending in 2459 ("BOA 2459"), which was opened in the name Ruby Corp. doing business as (d/b/a) Laundryland, and had a mailing address of 3118 Nova Scotia Road, Bel Air, Maryland and P.O.

Box 9896, Baltimore, Maryland 21284.

29. Defendant **SHEIKH** had access to a Wachovia Bank Account ending in 1185 ("Wachovia 1185"), which had a mailing address of 965 Fairmount Ave., Baltimore, Maryland.

30. Defendant **SHEIKH** maintained a Bank of America Account ending in 6725 (hereinafter "BOA 6725"), which had a mailing addresses of 3118 Nova Scotia Road, Bel Air, Maryland, 25 Pickburn Ct., Cockeysville, Maryland, and 965 Fairmount Ave., Baltimore, Maryland.

31. Defendant **SHEIKH** was associated with a Maryland company called Ruby Corp., which had a merchant credit card account under the name Laundryland.

32. Credit card transactions for infringing software were processed by GoEmerchant on behalf of Defendant **SHEIKH**, www.ezencode.com, and Ruby Corp. d/b/a Laundryland, resulting in deposits of money into Wachovia 1185 and BOA 2459.

33. Credit card charges for infringing software appeared on purchasers' credit card statements as charges from a business called Laundryland.

34. Defendant **SHEIKH** maintained a PayPal Account ending in 6569 (hereinafter "PP6569").

35. Defendant **SHEIKH**'s PP6569 Account was set up so that transfers of funds resulted in regular deposits to BOA 2459, BOA 6725, and Wachovia 1185.

36. Money orders made payable to T. Lamps for infringing software were deposited into BOA 2459.

37. Defendant **SHEIKH** used 3118 Nova Scotia Road, Bel Air, MD as the main office for Ruby Corp., Inc. and the monthly statements for BOA 2459 and BOA 6725 were

mailed there.

## THE CHARGE

38.     Beginning on or about March 10, 2006 and continuing until on or about September 6, 2006, in the District of Maryland and elsewhere, the defendant,

**NAVEED SHEIKH,**

did knowingly and willfully infringe the copyrights of copyrighted works, that is computer software, for purposes of commercial advantage and private financial gain, by the reproduction and distribution, during a 180-day period, of at least 10 copies of one of more copyrighted works, which had a total approximate retail value exceeding $2,500, and not less than $265,000, including but not limited to the following copyrighted works:

1.  Microsoft Money 2006 Small Business
2.  Adobe After Effects Pro 7.0
3.  Veritas NetBackUp Pro 5.1
4.  Solid Works Office 2000 Premium
5.  Borland Developer Studio 2006 Enterprise
6.  COSMOSWORKS 2006
7.  Quicken Premier Home and Business 2006
8.  Sybase SQL Anywhere Studio 8
9.  UGS Solid Edge 18.0
10. AutoDesk AutoSketch 9
11. Apple iLife 2006
12. PTC Routed System Designer 6.0 M030

17 U.S.C. § 506(a)(1)(A)
18 U.S.C. § 2319(b)(1), (2)
18 U.S.C. § 2

## FORFEITURE

1. Paragraphs One to Thirty-Seven of Count One are hereby incorporated by reference as though fully set forth herein.

2. As a result of the offense set forth in Count One, the Defendant,

**NAVEED SHEIKH,**

shall forfeit to the United States all property used and intended to be used to commit, facilitate, and promote the commission of these offenses, and all property constituting, derived from, or traceable to the gross proceeds obtained directly or indirectly as a result of these offenses, including but not limited to **$265,000** and all interest and proceeds traceable thereto.

## SUBSTITUTE ASSETS

If any of the **$265,000** described in this indictment as being subject to forfeiture, as a result of any act or omission of the defendants

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code §§ 2323 and 982(b), to seek forfeiture of any other property of the defendants up to the value of **$265,000**.

18 U.S.C. § 981  
18 U.S.C. § 982  
18 U.S.C. § 506(b)

18 U.S.C. § 509(b)
18 U.S.C. § 2323
21 U.S.C. § 853
28 U.S.C. § 2461


_Rod A. Rosenstein /hmg_
ROD J. ROSENSTEIN
United States Attorney


A TRUE BILL:

**SIGNATURE REDACTED**          1/13/11
Foreperson                      Date